# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

## Jones' Estate.

*Wills—Probate—Issue devisavit vel non—Undue influence.*

An issue devisavit vel non will be refused where the evidence shows that the testatrix was of perfectly sound mind, that her will was written by a scrivener from her own personal instructions, that the contestant, a daughter, had angered her mother by her marriage, and by placing her stock in a corporation which the family controlled, in her husband's name, and that the beneficiaries under the will had in no way influenced their mother against the contestant.

Argued Jan. 11, 1912. Appeal, No. 105, Jan. T., 1911, by Bertha W. Neal, from decree of O. C. Phila. Co., April T., 1910, No. 320, dismissing appeal from Register of Wills in Estate of Elizabeth D. Jones, deceased. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Appeal from Register of Wills.

ANDERSON, J., filed the following opinion:

A careful consideration of this appeal does not convince the Judge sitting at preliminary hearing that

there has been presented evidence sufficient to warrant the granting of an issue. The issue was prayed for on two grounds: First, lack of testamentary capacity; and, secondly, undue influence.

As to the first ground there is absolutely no evidence upon which an issue could be granted. The evidence disclosed the testatrix to have been a woman of clear mind; and the testimony of the physician who attended her, the lawyer who drafted the will, the nurse who was called in after the drafting of the will, and every one who came in contact with the testatrix, including the daughters whose shares were put in trust, fails to show the slightest impairment of mind if there was any impairment at all until long after the making of the will.

As to the other ground, there is no testimony to show that any influence had been exerted upon the mind of the testatrix to procure the making of the will. The scrivener, a reputable member of the bar, testified that he was asked to call upon the testatrix by one of her daughters to see about drafting her will, the first suggestion of which was the announcement to the testatrix in the presence of some of her daughters by her attending physician, that she had better have her affairs fixed up. The scrivener called at the house, and after examining the testatrix as to her affairs, she told him how she wanted her will made, and he drew it as she had dictated it, she making but one change, in that she, at his solicitation, increased the legacy to the daughter who is now complaining from five dollars to one hundred dollars. She gave the residue of her estate after a gift of ten thousand dollars to the single daughters, to be equally divided among her children excepting the daughter who now contests, the shares of two of them to be held in trust with the remainder to their children, and in default of children remainder to the other daughters, excepting the contestant.

Under the circumstances of the family as described

by the evidence the will was a natural one. The daughter who was cut off, it was shown by the evidence had angered the mother, first, by a marriage to which she was, justly or unjustly, opposed, being prejudiced against her husband. And, as said in Cauffman v. Long, 82 Pa. 72, and reiterated in Morgan's Estate, 219 Pa. 355, one has a right to his prejudices. She was still further estranged from her daughter by the act of the latter, who had placed her stock in the Home Made Bread Company, a corporation owned by the mother and her daughters and conducted by them, in her husband's name. That the daughter realized that her mother was incensed by these acts is shown by her letter to her mother a letter most creditable to the daughter, in which she seeks reconciliation with her. The gift also of a special legacy by testatrix to her single daughter is the natural desire of a mother to add to the share of one, who had not, as her married daughters had, some one to protect and earn a living for her; and the gifts in trust were fully explained by the fact that one daughter had already jeopardized her interest in her father's estate which the mother was compelled to save, and that the other daughter's husband was distasteful to the mother and had estranged the family by letters written to them by his attorney.

But, be that as it may, it was the will of the decedent, dictated by her, and as shown by the evidence, without a single suggestion on the part of those benefited by it. The mere fact that they were daughters of the testatrix, attended to the business and lived in the house with her, raises no presumption against them; Herster v. Herster, 122 Pa. 239. As was said by Mr. Justice Clark in that case: "Undue influence, of that kind which will affect the provisions of a testament, must be such as subjugates the mind of the testator to the will of the person operating upon it; and in order to establish this, proof must be made of some fraud practiced, some threats or misrepresentations made,

some undue flattery, or some physical or moral coercion employed, so as to destroy free agency in the testator; and these inferences must be proved to have operated as a present constraint at the very time of making the will."

Judging the present case by that standard, there is absolutely no testimony to show any undue influence. It is a case which if a jury should find against the will, the trial Judge would be constrained to set aside the verdict, and for that reason no issue can be granted.

The appeal is dismissed.

*Error assigned* was decree dismissing the appeal.

*V. Gilpin Robinson*, with him *John G. Kaufman* and *George Henderson*, for appellant.

*Hampton L. Carson*, for appellees.

PER CURIAM, February 5, 1912:

The order appealed from is affirmed on the opinion of Judge Anderson refusing an issue.